UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELIKA NABI,

                        Plaintiff,

v.

                                        Case No. 23-cv-844-JLS

PROVIDENT LIFE AND CASUALTY
INSURANCE COMPANY

                        Defendant,

## ANSWER

        Defendant, Provident Life and Casualty Insurance Company ("Provident"), by its attorneys, Rupp Pfalzgraf LLC, for its answer to the Complaint states and alleges as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, and 40 of the complaint.

        2.     Admits the allegations contained in paragraphs 2, 50, and 52 of the complaint.

        3.     The allegations set forth in paragraphs 3, 4, 5, and 7 of the complaint assert legal conclusions to which no responses are required. To the extent responses are required, Provident denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 4, 5, and 7 of the complaint.

        4.     Denies each and every allegation contained in paragraphs 10, 12, 14, 42, and 43 of the complaint to the extent they omit and/or misquote the full and complete terms and conditions of the Policy and/or mischaracterize the terms and conditions of the Policy.

5. Provident states that the Policy speaks for itself, refers plaintiff to the full Policy for its complete terms and conditions, and otherwise denies each and every remaining allegation contained in paragraphs 6, 11, 15, and 53 of the complaint.

6. The allegations set forth in paragraphs 33, 41, and 54 of the complaint assert legal conclusions to which no responses are required. To the extent responses are required, Provident denies each and every allegation contained in paragraphs 33, 41, and 54 of the complaint.

7. Denies each and every allegation contained in paragraphs 45, 49, 55, 56, 57, and 58 of the complaint.

8. Admits that the monthly benefit amount provided by the Policy is $2,270.00, but denies each and every remaining allegation contained in paragraph 13 of the complaint.

9. Admits that plaintiff did not submit a claim in 2009, but denies each and every remaining allegation contained in paragraph 44 of the complaint.

10. Admits that notice of plaintiff's claim was first received on or about September 8, 2021, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the complaint.

11. Admit that plaintiff's claim was denied for any period of disability claimed prior to September 8, 2021, but denies each and every remaining allegation contained in paragraph 47 of the complaint.

12. Admits that on or about August 1, 2022, a letter was sent to plaintiff finding that the decision to use September 8, 2021 as the commencement date of plaintiff's claim was correct, but denies each and every remaining allegation contained in paragraph 48 of the complaint.

13. With respect to paragraph 51 of the complaint, Provident repeats and realleges each and every response to paragraphs 1 through 50 of the complaint with the same force and effect as if set forth fully herein.

14. Provident denies each any every remaining allegation contained in the complaint not hereinbefore specifically admitted, denied, or otherwise addressed.

### FIRST AFFIRMATIVE DEFENSE

15. Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

16. Plaintiff failed to give timely notice of claim.

### THIRD AFFIRMATIVE DEFENSE

17. Plaintiff failed to satisfy a condition precedent to the payment of benefits.

### FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to give written notice of claim within 20 days or as soon as reasonably possible, and therefore is not entitled to benefits under the Policy.

### FIFTH AFFIRMATIVE DEFENSE

19. At all times referenced herein, Provident acted reasonably, in good faith, and in accordance with all the terms and conditions of the Policy.

### SIXTH AFFIRMATIVE DEFENSE

20. The denial of plaintiff's claim for benefits under the circumstances was consistent with the terms and conditions of the Policy, and was otherwise reasonable, supported by substantial evidence, and was not arbitrary, capricious, or erroneous as a matter of law and thus constitutes a complete defense to this action.

## SEVENTH AFFIRMATIVE DEFENSE

21. Plaintiff is not entitled to the disability benefits sought in this action.

**WHEREFORE**, Provident demands judgment dismissing the complaint in its entirety and awarding Provident the costs and disbursements of this action.

Dated: October 27, 2023
Buffalo, New York

                    **RUPP PFALZGRAF LLC**
                    Attorneys for Defendant,
                    *Provident Life and Casualty Insurance Company*

By: _/s/ Matthew D. Miller_
                    Matthew D. Miller, Esq.
                    424 Main Street
                    1600 Liberty Building
                    Buffalo, New York 14202
                    Tel: (716) 854-3400
                    Fax: (716) 332-0336
                    Miller@RuppPfalzgraf.com

**TO:** **HAGERTY & BRADY**
*Attorneys for Plaintiff*
Daniel J. Brady, Esq.
69 Delaware Avenue
Suite 1010
Buffalo, New York 14202
(716) 856-9443
dbrady@hagerty-brady.com