# EXHIBIT C

1    VIDEO TELECONFERENCE DEPOSITION

JUDITH LONG COHEN

2

3

4

UNITED STATES DISTRICT COURT

5    WESTERN DISTRICT OF NEW YORK

6    ------------------------------------------

ANGELIKA NABI,

7

Plaintiff,

8

- vs -        1:23-cv-00844-HKS

9

PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY,

10

11                    Defendant.

12   ------------------------------------------

13

14

15           Video teleconference deposition of JUDITH

16

17   LONG COHEN, taken pursuant to the Federal Rules of

18

19   Civil Procedure, connected with Multiple Locations

20

21   on October 31, 2025, commencing at 9:11 a.m.,

22

23   before MEGAN TITUS, Notary Public.

1

APPEARANCES:     HAGERTY & BRADY
2                BY DANIEL J. BRADY, ESQ.
                 69 Delaware Avenue
3                Suite 1010
                 Buffalo, NY 14202
4                (716) 856-9443
                 dbrady@hagerty-brady.com
5                Appearing for the Plaintiff
                 Via Zoom
6
                 ROBINSON+COLE
7                BY GREGORY BENNICI, ESQ.
                 gbennici@rc.com, and
8                ARIELLA EDERI, ESQ.
                 aederi@rc.com
9                1055 Washington Boulevard
                 Stamford, CT 06901
10               (203)462-7599
11               Appearing for the Defendant
                 Via Zoom
12
13
Present:         Katherine Kayatta, inhouse counsel
14               for Provident
15
16
17       (STIPULATIONS:  Waive filing of
18       the transcript, waive Oath of the Referee,
19       reserve all objections until trial, with
20       exception of objections as to form.)
21
22
23

1    cognitive impairment, to submit her claim earlier

2    than she did, right?

3              A.    That is accurate.

4              Q.    Okay.  Dr. Cohen, I am not going to ask

5    about anything you discussed with the attorney for

6    Unum or Mr. Bennici's firm.  But I will ask you did

7    you review any documents in preparation for your

8    deposition today?

9              A.    Yes.

10             Q.    What did you review?

11             A.    I reviewed the file.

12             Q.    Okay.  Is that basically what we're

13   looking at on Exhibit 1?

14             A.    Is this Exhibit 1?  No.  The file, the

15   700-page -- whatever it was.

16             Q.    The 700-page --

17             A.    Yeah, yeah.

18             Q.    Okay.  And, again, I'm not going to ask

19   you what you discussed with your attorneys, but are

20   you aware that -- when we look at -- let me

21   rephrase that.

22             When we looked at Exhibit 3, the expert

23   disclosure for this case disclosing you --

1          Do you recall that exhibit?

2          A.    Yes.

3          Q.    That was prepared by another law firm

4    that was representing Provident in this case; is

5    that fair to say?

6          A.    That's what you're telling me.  I will

7    accept that.

8          Q.    Okay.  Did you meet with the attorneys

9    for that other law firm, not from Mr. Bennici's

10   firm prior to your deposition?

11         A.    Yes.

12         Q.    Okay.  And, again, I'm not going to ask

13   you anything that you discussed with them.

14         Are you aware that Provident, while

15   represented by those prior attorneys not

16   Mr. Bennici's firm, notified the court in this case

17   that they would be substituting a different expert

18   for you in this case?

19         A.    A different expert for me?  I'm not --

20   I'm not aware of all the -- no, I'm not aware.  I

21   was told I was going to be deposed.

22         Q.    Okay.  Okay.  So you weren't aware that

23   they were planning on substituting a different

1    expert for you in this case?

2          A.    That I wouldn't be deposed?

3          Q.    That you would not be testifying at the

4    trial?

5          A.    You know what?  I don't know what they

6    were trying to do in regard to my -- I thought I

7    was going to be deposed and, if needed, go to the

8    trial.

9          Q.    Okay.  And are you aware that there is

10   a trial date on December 3rd in this case?

11         A.    Yes.

12         Q.    Are you planning on -- on being

13   available for -- for that trial?

14         A.    Yes.

15         Q.    Okay.  Okay.  Are you aware that

16   your -- the prior attorney's for Provident informed

17   the Court that you would not be available to

18   testify on that date?

19         A.    I'm not aware of that.

20         Q.    Okay.  Has there ever been a time when

21   you have not been available to testify on

22   December 3rd since your involvement on this case

23   began?

1      A.     We didn't -- I don't recollect

2  discussing the trial that much.

3         MR. BENNICI:  Attorney -- Dr. Cohen, I just

4  caution you against discussing specific contents of

5  communications with attorneys.

6         BY MR. BRADY:

7         Q.     Okay.  That's fine.  And, again, I'm

8  not trying to get at what you discussed with your

9  attorneys.  I'm just trying to understand if --

10  if -- if there's been a change of circumstances

11  that makes you now available to testify at trial on

12  December 3rd.

13         Has there been any change in circumstances?

14         A.     Not to my circumstances.

15         MR. BRADY:  Okay.  All right.  It's 11:13.

16  If everybody would agree to one last five-minute

17  break, I think I'm done, but I'll just go back and

18  review my notes to see if I have any follow-up

19  questions.  But I think we're pretty much

20  completed.  Would a five-minute break be okay?

21         THE WITNESS:  Yes.

22         MR. BENNICI:  Works for me.

23         MR. BRADY:  Thank you.